UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

|  |  |  |
|---|---|---|
| SHARMAINE LEWIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 21-cv-00181 |
| | ) | |
| NATIONAL BOARD OF OSTEOPATHIC, | ) | |
| MEDICAL EXAMINERS | ) | |
| | ) | |
| Defendant. | ) | |

# CASE MANAGEMENT PLAN

**I.** **Parties and Representatives**

    A.    Plaintiff: Sharmaine Lewis

           Defendant: National Board of Osteopathic Medical Examiners (NBOME)

    B.    **Plaintiff's Counsel**:
           **Charles Weiner**, Law Office of Charles Weiner; Cambria Corporate Center, 501 Cambria Avenue, Bensalem, PA 19020; Tel: 267-685-6311; Fax: 215-933-1435; e-mail: charles@charlesweinerlaw.com.

           **Mary C. Vargas**, Stein & Vargas LLP; 10 G Street NE, Suite 600, Washington, DC 20002; Tel: 240-793-3185; Fax: 888-778-4620; e-mail: mary.vargas@steinvargas.com.

           **Matthew W. Lorch**, Lorch Law Office, LLC; 211 East Market Street, New Albany, IN 47150; Tel: 812-949-2111; Fax: 502-805-0482; e-mail: Matthew@LorchLaw.com.

           **Defendant's Counsel:**
           **Sydney Steele,** Kroger, Gardis & Regas, LLP; 111 Monument Circle, Suite 900, Indianapolis, IN 46204; Tel: 317-777-7454; Fax: 317-264-6832; e-mail: SSteele@kgrlaw.com.

Counsel shall promptly file a notice with the Clerk if there is any change in this information.

II. **Jurisdiction and Statement of Claims**

   A. **Jurisdiction**

   This action arises under the laws of the United States, specifically the Americans with Disabilities Act (ADA), 42 U.S.C. §12101 *et. seq.* This Court has subject matter jurisdiction based on a federal question pursuant to 28 U.S.C. §1331 and 1343. This Court further has supplemental jurisdiction pursuant to 28 U.S.C. §1367 relating to Count II – Declaratory Relief-Breach of Contract of the Complaint.

   B. **Plaintiff's Separate Statement of Claims**

   Sharmaine Lewis, a medical student with a documented learning disability, is five months away from successfully completing her medical education. In order to complete her medical education, Ms. Lewis must first take and pass the Comprehensive Osteopathic Medical Licensing examination, Level 2-Cognitive Evaluation ("COMLEX II CE"), which is administered by NBOME. Because Ms. Lewis has a specific learning disorder impacting reading, she requires, and has received in medical school, basic accommodations including time and a half (50%) extended time, testing over two days and a distraction reduced test setting. Ms. Lewis has likewise been approved for accommodations because of her documented disability by other institutions of higher education and on standardized testing including the MCAT, the Comprehensive Osteopathic Medical Achievement Test, and the Optometry Admission Test. The NBOME as an entity administering a professional licensing exam is obligated to provide test accommodations "…to best ensure that, when the examination is administered to an individual with a disability that impairs sensory, manual, or speaking skills, the examination results accurately reflect the individual´s aptitude or achievement level or whatever other factor the examination purports to measure, rather than reflecting the individual´s impaired sensory, manual, or speaking skills (except where those skills are the factors that the examination purports to measure)" 28 C.F.R. §36.309(b)(1)(i). NBOME's refusal to provide Ms. Lewis with the necessary accommodations is discrimination in violation of the Americans with Disabilities and places Ms. Lewis at imminent risk of discharge from medical school. Ms. Lewis seeks immediate and permanent injunctive and declaratory relief to obtain test accommodations in taking the COMLEX II CE as well as the COMLEX III. No compensatory or exemplary damages are sought. Pursuant to 42 U.S.C. § 12205 and 28 C.F.R. § 36.505, if Plaintiff is the prevailing party, she seeks reasonable attorneys' fees and costs. Plaintiff disputes any claim that Defendant is entitled to attorneys' fees or costs both in premise and in amount.

C. **Defendant's Separate Statement of Claims/Defenses**

NBOME's mission is to protect the public by providing medical licensing examinations to test competencies to practice osteopathic medicine. NBOME cannot compromise its mission to protect the public. The COMLEX-USA examinations are administered in a standardized, time-measured environment, and the ability to recall, interpret, process, and apply clinical knowledge and skills without hesitation and in a fluid manner ("knowledge fluency") is fundamental to a generalist osteopathic physician's competence to practice osteopathic medicine, a fundamental competency assessed by the examinations. Under the ADA, a testing agency is not obligated to provide an accommodation that would "fundamentally alter" what the examination is intended to measure or assess. Moreover, Plaintiff is not a "person with disabilities" under the ADA. Whether a person is "disabled" under the ADA his or her functioning is compared to "most people in the general population," not to the person's medical school peers. When Plaintiff's functioning is compared to most people in the general population, she is not a "person with disabilities" as defined by the ADA. Plaintiff took the first COMLEX-USA examination, Level 1, without any accommodation and passed on her first attempt. Plaintiff has also taken other standardized examination, including the MCAT, with either little or no accommodation, that qualified her for admission to medical school. Plaintiff has shown by her real-world performance she is not a "person with disabilities" under the ADA. Also, the terms and conditions of her purchase of COMLEX-USA examinations require her to sue NBOME only in a court of competent jurisdiction in Indiana, NBOME's state of incorporation. Plaintiff's attorney breached her agreement by suing NBOME in Pennsylvania, causing NBOME's attorneys' fees and costs of $38,884.49, which NBOME intends to assert as a counterclaim vs. Plaintiff.

III. **Pretrial Pleadings and Disclosures**

A. The parties shall serve their Fed. R. Civ. P. 26 initial disclosures on or before **March 19, 2021.**

B. Plaintiff(s) shall file preliminary witness and exhibit lists on or before **March 26, 2021.**

C. Defendant(s) shall file preliminary witness and exhibit lists on or before **April 2, 2021**.

D. All motions for leave to amend the pleadings and/or to join additional parties shall be filed on or before **May 7, 2021**.

E. Plaintiff(s) shall serve Defendant(s) (but not file with the Court) a statement of special damages, if any, and make a settlement proposal, on or before **May 7, 2021**. Defendant(s) shall serve on the Plaintiff(s) (but not file with the Court) a response thereto within 30 days after receipt of the proposal.

3

F.  Plaintiff(s) shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before **May 7, 2021**. Defendant(s) shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before **June 7, 2021**; or if Plaintiff has disclosed no experts, Defendant(s) shall make its expert disclosure on or before **June 7, 2021**.

G.  Any party who wishes to limit or preclude expert testimony at trial shall file any such objections on or before **20 days prior to the proposed trial/hearing.** Any party who wishes to preclude expert witness testimony at the summary judgment stage shall file any such objections with their responsive brief within the briefing schedule established by S.D. Ind. L.R. 56-1.

H.  All parties shall file and serve their final witness and exhibit lists on or before **30 days prior to trial**. This list should reflect the specific potential witnesses the party may call at trial. It is not sufficient for a party to simply incorporate by reference "any witness listed in discovery" or such general statements. The list of final witnesses shall include a brief synopsis of the expected testimony.

I.  Any party who believes that bifurcation of discovery and/or trial is appropriate with respect to any issue or claim shall notify the Court as soon as practicable.

J.  Discovery of electronically stored information ("ESI"). The parties do not anticipate that a substantial volume of ESI will be produced. If either party seeks discovery of ESI the parties will attempt to agree upon a protocol for the production of such information.

In the event that a document protected by the attorney-client privilege, the attorney work product doctrine or other applicable privilege or protection is unintentionally produced by any party to this proceeding, the producing party may request that the document be returned. In the event that such a request is made, all parties to the litigation and their counsel shall promptly return all copies of the document in their possession, custody, or control to the producing party and shall not retain or make any copies of the document or any documents derived from such document. The producing party shall promptly identify the returned document on a privilege log. The unintentional disclosure of a privileged or otherwise protected document shall not constitute a waiver of the privilege or protection with respect to that document or any other documents involving the same or similar subject matter.

**IV.** **Discovery[1] and Dispositive Motions**

    A.    Does any party believe that this case may be appropriate for summary judgment or other dispositive motion? No.

    B.    On or before **60 days prior to the proposed trial/hearing**, and consistent with the certification provisions of Fed. R. Civ. P. 11(b), the party with the burden of proof shall file a statement of the claims or defenses it intends to prove at trial, stating specifically the legal theories upon which the claims or defenses are based.

    C.    Select the track that best suits this case:

        __x__ Track 1: No dispositive motions are anticipated. All discovery shall be completed by **June 30, 2021**.

**V.** **Pre-Trial/Settlement Conferences**

At any time, any party may call the Judge's Staff to request a conference, or the Court may *sua sponte* schedule a conference at any time. The presumptive time for a settlement conference is no later than 30 days before the close of non-expert discovery. **The parties are encouraged to request an earlier date if they believe the assistance of the Magistrate Judge would be helpful in achieving settlement. The parties recommend a settlement conference in July 2021.**

**VI.** **Trial Date**

The parties request a trial date in **July 2021**. The trial is by Court and is anticipated to take **4 full days**. In an effort to streamline proceedings and because Ms. Lewis must take and pass the COMLEX II CE prior to November 2021, the parties are amenable to an expedited discovery and hearing schedule to avoid the need for preliminary injunction proceedings. While all dates herein must be initially scheduled to match the presumptive trial date, if the Court agrees that a different track is appropriate, the case management order approving the CMP plan will indicate the number of months by which all or certain deadlines will be extended to match the track approved by the Court.

---

[1] The term "completed," as used in Section IV.C, means that counsel must serve their discovery requests in sufficient time to receive responses before this deadline. Counsel may not serve discovery requests within the 30-day period before this deadline unless they seek leave of Court to serve a belated request and show good cause for the same. In such event, the proposed belated discovery request shall be filed with the motion, and the opposing party will receive it with service of the motion but need not respond to the same until such time as the Court grants the motion.

**VII.** **Referral to Magistrate Judge**

    A.     **Case**. The parties **do not** consent to refer this matter to the currently assigned Magistrate Judge pursuant to 28 U.S.C. 636(c) and Fed. R. Civ. P. 73 for all further proceedings including trial.

    B.     **Motions**. The parties **do not** consent to having the assigned Magistrate Judge rule on motions ordinarily handled by the District Judge, such as motions to dismiss, for summary judgment, or for remand.

**VIII.** **Required Pre-Trial Preparation**

    A.     **TWO WEEKS BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

        1.     File a list of trial witnesses, by name, who are actually expected to be called to testify at trial. This list may not include any witnesses not on a party's final witness list filed pursuant to Section III.I.

        2.     Number in sequential order all exhibits, including graphs, charts and the like, that will be used during the trial. Provide the Court with a list of these exhibits, including a description of each exhibit and the identifying designation. Make the original exhibits available for inspection by opposing counsel. Stipulations as to the authenticity and admissibility of exhibits are encouraged to the greatest extent possible.

        3.     Submit all stipulations of facts in writing to the Court. Stipulations are always encouraged so that at trial, counsel can concentrate on relevant contested facts.

        4.     A party who intends to offer any depositions into evidence during the party's case in chief shall prepare and file with the Court and copy to all opposing parties either:

            a.     brief written summaries of the relevant facts in the depositions that will be offered. (Because such a summary will be used in lieu of the actual deposition testimony to eliminate time reading depositions in a question and answer format, this is strongly encouraged.); or

            b.     if a summary is inappropriate, a document which lists the portions of the deposition(s), including the specific page and line numbers, that will be read, or, in the event of a video-taped deposition, the portions of the deposition that will be played, designated specifically by counter-numbers.

5.  Provide all other parties and the Court with any trial briefs and motions in limine, along with all proposed jury instructions, voir dire questions, and areas of inquiry for voir dire (or, if the trial is to the Court, with proposed findings of fact and conclusions of law).

6.  Notify the Court and opposing counsel of the anticipated use of any evidence presentation equipment.

B.  **ONE WEEK BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

1.  Notify opposing counsel in writing of any objections to the proposed exhibits. If the parties desire a ruling on the objection prior to trial, a motion should be filed noting the objection and a description and designation of the exhibit, the basis of the objection, and the legal authorities supporting the objection.

2.  If a party has an objection to the deposition summary or to a designated portion of a deposition that will be offered at trial, or if a party intends to offer additional portions at trial in response to the opponent's designation, and the parties desire a ruling on the objection prior to trial, the party shall submit the objections and counter summaries or designations to the Court in writing. Any objections shall be made in the same manner as for proposed exhibits. However, in the case of objections to video-taped depositions, the objections shall be brought to the Court's immediate attention to allow adequate time for editing of the deposition prior to trial.

3.  File objections to any motions in limine, proposed instructions, and voir dire questions submitted by the opposing parties.

4.  Notify the Court and opposing counsel of requests for separation of witnesses at trial.

## IX. Other Matters

*Attorneys for Plaintiff*                                *Attorney for Defendant*

s/ Charles Weiner                                        s/ Sydney Steele
Charles Weiner, Esquire                                  Sydney Steele, Ind. Atty. # 694-49
LAW OFFICE OF CHARLES WEINER                             Kroger, Gardis & Regas, LLP
Cambria Corporate Center                                 111 Monument Circle
501 Cambria Avenue                                       Suite 900
Bensalem, PA 19020                                       Indianapolis, IN 46204
Tel: (267) 685-6311                                      Tel: (317) 777-7454

Fax:  (215) 604-1507  
charles@charlesweinerlaw.com

Fax: (317) 264-6832  
SSteele@kgrlaw.com

s/ Mary C. Vargas  
Mary C. Vargas, Esquire  
STEIN & VARGAS LLP  
10 G Street NE, Suite 600  
Washington, D.C. 20002  
Tel: (240) 793-3185  
Fax: (888) 778-4620  
Mary.Vargas@steinvargas.com

s/ Matthew Lorch  
Matthew W. Lorch, Esquire  
Lorch Law Office, LLC  
211 East Market Street  
New Albany, IN 47150  
Tel: (812) 949-2111  
Fax: (502) 805-0482  
Matthew@LorchLaw.com

************************************************************************

| | |
|---|---|
| | PARTIES APPEARED IN PERSON/BY COUNSEL ON _____ FOR A PRETRIAL/STATUS CONFERENCE. |
| | APPROVED AS SUBMITTED. |
| | APPROVED AS AMENDED. |
| | APPROVED AS AMENDED PER SEPARATE ORDER. |
| | APPROVED, BUT ALL OF THE FOREGOING DEADLINES ARE SHORTENED/LENGTHENED BY _____ MONTHS. |
| | APPROVED, BUT THE DEADLINES SET IN SECTION(S) _____ OF THE PLAN IS/ARE SHORTENED/LENGTHENED BY _____ MONTHS. |
| | THIS MATTER IS SET FOR TRIAL BY_____ ON _____. FINAL PRETRIAL CONFERENCE IS SCHEDULED FOR _____ AT _____.M., ROOM _____. |
| | A SETTLEMENT/STATUS CONFERENCE IS SET IN THIS CASE FOR _____AT _____.M. COUNSEL SHALL APPEAR:<br><br>_____ IN PERSON IN ROOM _____; OR<br><br>_____ BY TELEPHONE, WITH COUNSEL FOR INITIATING THE CALL TO ALL OTHER PARTIES AND ADDING THE COURT JUDGE AT (____) _____; OR<br><br>_____ BY TELEPHONE, WITH COUNSEL CALLING THE JUDGE'S STAFF AT (____) _____; |
| | DISPOSITIVE MOTIONS SHALL BE FILED NO LATER THAN _____ |

Upon approval, this Plan constitutes an Order of the Court. Failure to comply with an Order of the Court may result in sanctions for contempt, or as provided under Fed. R. Civ. P. 16-1(f), to and including dismissal or default.

**APPROVED AND SO ORDERED.**

_____     _____
Date                                                                  U. S. District Court
                                                                             Southern District of Indiana