UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

|  |  |
|---|---|
| SHARMAINE LEWIS, ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> NATIONAL BOARD OF OSTEOPATHIC, ) <br> MEDICAL EXAMINERS, INC., ) <br> ) <br> Defendant ) <br> ) | Case No. 1:21-cv-00181-RLY-MJD |

### DEFENDANT'S OBJECTIONS TO PLAINTIFF'S
### MOTION FOR PRELIMINARY INJUNCTION

On April 16, 2021, Plaintiff filed "Plaintiff's Motion for Preliminary Injunction" ("Motion"). (Dkt. 45)  For the multiple reasons discussed below, Defendant, National Board of Osteopathic Medical Examiners, Inc. ("NBOME"), objects to Plaintiff's Motion.

Plaintiff's Motion is essentially a motion for judgment on the merits of Plaintiff's claim for an extended test time accommodation and should either be denied or consolidated with a trial on the merits of Plaintiff's claims in this action and tried before the Court only after completion of all discovery as provided in the Case Management Plan ("CMP").

Furthermore, there are substantial factual disputes between the parties requiring an evidentiary hearing on the merits of Plaintiff's claims that she is disabled under the Americans with Disabilities Act ("ADA") and entitled to an accommodation of extended testing time.

Moreover, discovery is ongoing. Under the parties' and court ordered CMP, the deadline for completion of discovery is not until June 30, 2021, and expert witness disclosures and reports are not due until May 7, 2021 (from Plaintiff) and June 7, 2021 (from NBOME). Plaintiff's deposition is tentatively scheduled for June 7, 2021. A hearing on Plaintiff's Motion prior to

completion of discovery would deprive the parties of a full and fair opportunity to try this case.

Nonetheless, Plaintiff has not and cannot establish that she is entitled to a preliminary injunction. Plaintiff has not shown, and NBOME disputes that she can prove, (a) that she is likely to succeed on the merits of her claims; (b) that she would suffer irreparable harm without a preliminary injunction; and (c) that it would be in the public interest for the COMLEX-USA Level 2-CE examination to be administered in such a manner that NBOME cannot ensure that the examination would assess her competency to practice osteopathic medicine.[1]

As discussed more fully below, the Court should either deny outright Plaintiff's Motion or consolidate Plaintiff's Motion with a trial on the merits of her claim to be held after the completion of discovery and when this case is ready for trial.

### *Plaintiff's Preliminary Injunction Motion Requires an Evidentiary Hearing*

It is well established that where, as here, there are factual disputes between the parties as to the grant of a preliminary injunction, the Court is required to hold an evidentiary hearing. *Ty, Inc. v. GMA Accessories, Inc.*, 132 F.3d 1167, 1171 (7th Cir. 1997) citing *Medeco Sec. Locks, Inc. v. Swiderek*, 680 F.2d 37, 38 (7th Cir. 1981) ("It is well established that, in general, a motion for a preliminary injunction should not be resolved on the basis of affidavits alone."). See also *Gen. Elec. Co. v. Am. Wholesale Co.*, 235 F.2d 606 (7th Cir. 1956) ("An injunction pendente lite should not issue where the parties are in serious dispute on conflicting question of fact.")

Citing to the seminal case *Sims v. Greene*, 161 F.2d 87 (3d Cir. 1947), the court in *Medeco* held that a hearing was required prior to the issuance of a preliminary injunction when the pleadings and affidavits were conflicting:

> Rule 65(b) provides that no preliminary injunction shall be issued without notice to the

---

[1] The "balance of hardships" factor required for the Court to grant a preliminary injunction is subsumed in Plaintiff's claims that she would suffer irreparable harm without a preliminary injunction and the potential harm to the public, including Plaintiff's future patients if the preliminary injunction should be granted.

> adverse party. Notice implies the opportunity to be heard. Hearing requires trial on the issue or issues of fact. Trial on the issue of fact necessitates opportunity to present evidence and not by only one side of the controversy.

*Id*. at 88.

This is particularly true where the court must determine the credibility of witnesses, including lay and expert testimony, to resolve factual disputes. *Cobell v. Norton*, 391 F.3d 251, 261 (D.C. Cir. 2004) ("…it is an abuse of discretion for the court to settle the question on the basis of documents alone, without an evidentiary hearing.")

Plaintiff here requests this Court to enter a preliminary injunction mandating the NBOME to allow her time and half the standard time for the administration of the COMLEX-USA Level 2-CE, because of an alleged learning disorder and test taking anxiety. NBOME strongly disputes with credible evidence that Plaintiff is "a person with disabilities," *i.e.*, that Plaintiff is substantially limited in her ability to reasonably access the COMLEX-USA Level 2-CE examination, when she is compared to most people in the general population, as required by the ADA. The issues of Plaintiff's claims of a disability and her requested extended testing time, including whether the extended testing time she requests is reasonable or would fundamentally alter what the examination is intended to test, are dispositive matters that the Court should only consider after a full evidentiary hearing with assessment of the credibility of witnesses.

Likewise, in the case at hand, the issues of disputed fact demand a full evidentiary hearing on the merits of Plaintiff's claims and NBOME's defenses, to hear and properly evaluate the credibility of all witnesses, lay and expert, on the crucial issues raised in this action.

### *Plaintiff Cannot Establish Likelihood of Success on The Merits*

The ADA provides that testing organizations such as the NBOME "shall offer [its] examinations … in a place and manner accessible to persons with disabilities." 42 U.S.C. §12189 In order for Plaintiff to avail herself of the protections of the ADA, she "must show that [she] is a

person with a disability, that [her] requests for accommodation are reasonable, and those requests were denied." *Healy v. Nat'l Bd. of Osteopathic Med. Examiners, Inc.*, 870 F. Supp. 2d 607, 609 (S.D. Ind. 2012) (Lawrence, J.). A person is disabled under the ADA when that person has "a physical or mental impairment that substantially limits one or more major activities of such individual." 42 U.S.C. §12102(1)(A). Plaintiff alleges that she has learning and anxiety disorders that limits her majority activities of "thinking, learning, reading, studying, processing information, and taking timed tests," as compared to most people in the general population.

  Both procedurally and factually, this case is quite analogous to *Healy v. NBOME* where Judge Lawrence held a two-day bench trial to determine whether the plaintiff was entitled to injunctive relief in the form of requiring NBOME to allow him to take the COMLEX–USA Level 1 examination with accommodations. As here, the issues for determination by the Court were whether Mr. Healy had a physical or mental impairment that substantially limited one or more of his major life activities, compared to most people in the general population, as required by the ADA, and if so whether extended testing time was an appropriate accommodation. After trial on the merits, Judge Lawrence in his well-reasoned opinion found that the plaintiff was not disabled within the meaning of the ADA and not entitled to requested accommodations, and denied the plaintiff's request for an injunction, holding that such request would "open the proverbial back door of the medical profession to [the plaintiff]." *Id.* at 622.

  Except for her own self-serving personal statement and declarations of her parents and academic adviser at Tufts University School of Medicine (none of whom have been deposed), Plaintiff offers without supporting declarations only letters and other hearsay statements of past accommodations and evaluations. Plaintiff offers no evidence to show that the extended time she requests to take the COMLEX-USA examination is reasonable or to refute that extended time

4

accommodation that is not required for her to reasonably access the examination would fundamentally alter what the examination is intended to assess, including "knowledge fluency," an essential competency to practice osteopathic medicine.

Plaintiff also improperly cites and relies upon DOJ guidelines, Exhibit 1 to her memorandum. As clearly advised on the last page, those guidelines and that document "has no legally binding effect" and the guidelines "do not establish legally enforceable responsibilities" beyond what is required by the ADA law itself. (Dkt. 45-8, PageID # 576)

All said the Court cannot reasonably conclude from the information submitted by Plaintiff with her motion that she has a "physical or mental impairment that substantially limits" one or more of her major activities such that she requires extended time to reasonably access the COMLEX-USA Level 2-CE examination.

Nonetheless, NBOME submits herewith the Declaration of Jed Magen, DO, Chair of NBOME's Testing Accommodations Committee ("TAC"), showing that Plaintiff's requests for extended time accommodations were carefully considered twice by TAC, and *unanimously* denied both times. Dr. Magen's Declaration also shows the TAC policies for considering applications for testing accommodations and the seriousness TAC takes in considering applications for testing accommodations under the ADA, including Plaintiff's application.

NBOME also tenders herewith the Declaration of Joseph Bernier, Ph.D., an outside consultant retained to render his independent opinion on the merits of Plaintiff's application for extended time to take the COMLEX-USA Level 2-CE examination. Dr. Bernier, after having twice reviewed Plaintiff's submitted documentation, in 2017 and 2019, concludes that Plaintiff "is not substantially limited in her ability to access the COMLEX-USA Level 1 and Level 2-CE examinations as compared to most people in the general population, as required by the ADA."

5

The Court should also note that Dr. Bernier was an expert witness in *Healy v. NBOME*, whose testimony was favorably received by Judge Lawrence. See, *e.g.*, *Healy,* 870 F.Supp., at 614-15. Dr. Bernier's expert testimony was also favorably received by the District Court in *Bibber v. NBOME*, 2016 WL 1404157, at 5 (E.D. Pa. 2016) ("Dr. Bernier is an expert on disability related issues, including testing accommodations, and has worked as an outside consultant for numerous testing agencies, including NBOME.")

The Declarations of both Dr. Magen and Dr. Bernier show that Plaintiff is not likely to succeed on the merits of her claims, of which she has the burden of proof, including: (1) she is a substantially limited in her ability to access the COMLEX-USA Level 2-CE examination, as compared to most people in the general population, *and* (2) her requested accommodation is reasonable considering that the examination is intentionally administered in a standardized, time-measured environment to assess, *inter alia*, the candidate's "knowledge fluency," *i.e.*, "the ability to recall, interpret, process and apply clinical knowledge and skills without hesitation and in a fluid manner, which is fundamental to a generalist osteopathic physician's competence to practice osteopathic medicine, and a competency integral to the COMLEX-USA examinations," as described in the TAC Test Accommodation Policy and disclosed to all candidates applying for test accommodations for a COMLEX-USA examination.

### *Plaintiff Cannot Show Irreparable Harm by Denial of Preliminary Injunction*

Plaintiff's Motion must also be denied because she has not demonstrated that she will suffer irreparable harm if her Motion is not granted. Specifically, Plaintiff has not shown that she *will be* dismissed from WVSOM if she does not take and pass the COMLEX-USA Level 2-CE examination by October 2021. She submitted nothing from WVSOM to corroborate her hearsay statement that she must take and pass the examination by October 2021 or will be dismissed.

Plaintiff submits Exhibit 7 with her motion WVSOM's "Institutional Policy: E-24," Subject "Dismissal." However, under E 24-3, Consideration for Dismissal, the Policy provides only: "A student *may be* considered for dismissal from WVSOM if any of the following occur: [then lists several considerations]." (emphasis added) But clearly dismissal is not mandatory, and WVSOM has already made concessions for Ms. Lewis. For example, it is allowing her to take the COMLEX-USA Level 2-CE a fourth time. WVSOM Institutional Policy E-23, Section 8, Subsection 8.1 states "students will be academically dismissed if they exceed two COMLEX failures on any one exam type (COMLEX Level 1, COMLEX Level 2-CE, or COMLEX Level 2-PE)." The only correspondence from WVSOM provided to NBOME is a letter dated June 4, 2020 to Mr. Weiner, Plaintiff's counsel, in which the school states only that in light of her request to NBOME for accommodations the school will allow her a fourth and final attempt to take and pass the COMLEX-USA Level 2-CE. WVSOM places no time limit in that letter to Mr. Weiner regarding when she must take the COMLEX-USA exam, and Plaintiff has provided nothing from her school that states that she must take and pass the exam by any certain time.[2]

Also submitted herewith is the Declaration of Josh Prober, general counsel of the American Osteopathic Association confirming that indeed WVSOM does have discretion to allow Plaintiff to take the COMLEX-USA Level 2-CE examination a fourth time and to adjust the time limit period during which the examination may be administered.

Thus, based on the record, Plaintiff has failed to demonstrate that she will be irreparably harmed if the Court does not grant her a preliminary injunction. Plaintiff's claim for injunctive relief can and should be tried by the Court on the merits of Plaintiff's claims in the normal course of the Court's calendar, after completion of discovery as provided in the CMP.

---

[2] That June 4, 2020 letter to Mr. Weiner from WVSOM was not included with Plaintiff's Motion, so a copy is included with these objections to Plaintiff's Motion.

### *Balance of Hardships and Public Policy Favor Denial of Preliminary Injunction*

It is also not in the public interest for the Court to grant Plaintiff a preliminary injunction, before the completion of all discovery and a full and fair hearing on the merits of her claim for extended time accommodations for the COMLEX-USA Level 2-CE examination.

A passing score produced by a candidate taking a COMLEX-USA examination is certification to the public, including state licensing boards throughout the United States, that the candidate is competent to practice osteopathic medicine. Any adjudication short of a full and fair hearing on all issues raised by Plaintiff's complaint and NBOME's responses and defenses, and only after complete discovery on those issues, puts at risk that a preliminary adjudication may be mistaken, yet Plaintiff could still become a licensed physician and treating patients, without having properly demonstrated her competency to practice osteopathic medicine. At the end of the day the safety of patients of all candidates, including the Plaintiff, is of upmost priority.

Thus, it is not in public interest for the Court, by a preliminary injunction, to overrule the dedicated work of NBOME's Testing Accommodations Committee, who carefully considered her applications for accommodations (twice, in 2017 and 2019), before completion of discovery and without a full and fair hearing on the merits of her disputed claims and NBOME's defenses.

### *Conclusion*

NBOME is confident that after a full hearing on Plaintiff's claims and NBOME's defenses, the Court will conclude that Plaintiff is not a person with disabilities under the ADA and the extended time accommodation she requests is not reasonable and would fundamentally alter what the COMLEX-USA Level 2-CE examination is intended to test and assess.

For each of the foregoing reasons, the Court should deny Plaintiff's Motion for a Preliminary Injunction, or in the alternative consolidate the hearing with a trial of the merits of

Plaintiff's claims and NBOME's defenses and set this matter for a bench trial after June 30, 2021, the date ordered in the CMP for completion of discovery.

Date: April 29, 2021.

Respectfully Submitted,

/s/ Sydney L Steele
Sydney L Steele, Ind. Atty. 694-49
Jason Mizzell, Ind. Atty. 30038-53
Taylor Hunter, Ind. Atty. 32638-16
KROGER GARDIS & REGAS, LLP
111 Monument Circle, Suite 900
Indianapolis, Indiana 46204
(317) 692-9000
sls@kgrlaw.com; jtm@kgrlaw.com; tlh@kgrlaw.com

Attorneys for Defendant, National Board of Osteopathic Medical Examiners, Inc.

### CERTIFICATION OF SERVICE

I, Sydney L Steele, certify that on April 29, 2021 the foregoing was served upon the following counsel of record via the Court's ECF system:

Charles Weiner
LAW OFFICE OF CHARLES WEINER
Cambria Corporate Center
501 Cambria Avenue
Bensalem, PA 19020
charles@charlesweinerlaw.com

Mary C. Vargas
STEIN & VARGAS LLP
10 G Street NE, Suite 600
Washington, D.C. 20002
Mary.Vargas@steinvargas.com

Matthew W. Lorch
LORCH LAW OFFICE, LLC
211 E. Market Street
New Albany, IN 47150
Matthew@lorchlaw.com

Michael S. Stein
STEIN & VARGAS LLP
10 G Street NE, Suite 600
Washington DC 20002
Michael.Stein@steinvargas.com

/s/ Sydney L Steele



West Virginia School of Osteopathic Medicine

June 4, 2020

Dear Mr. Weiner:

As you know, Ms. Lewis has taken the COMLEX exam three times, unsuccessfully. WVSOM recognizes NBOME's official, scored exams for purposes of our policies and academic standards. Currently, NBOME recognizes that Ms. Lewis has three COMLEX failures. However, in light of Ms. Lewis' request to NBOME for accommodations under the Americans with Disabilities Act (ADA), should NBOME grant Ms. Lewis' accommodation request for the COMLEX exam pursuant to the ADA for a fourth attempt, WVSOM will allow Ms. Lewis to re-enroll for purposes of taking the COMLEX exam for a fourth and final time. Should Ms. Lewis fail to pass that exam on her fourth attempt, she will be dismissed from WVSOM.

Sincerely,

*[signature]*

Craig S. Boisvert, D.O., FACOFP
Vice President for Academic Affairs & Dean

CSB/hdh

Cc:   Mr. Jeffrey Shawver, Esq.          Student File