# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| SHARMAINE LEWIS, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Cause No. 1:21-cv-00181-RLY-MJD |
| | ) |
| NATIONAL BOARD OF OSTEOPATHIC, | ) |
| MEDICAL EXAMINERS, INC., | ) |
| | ) |
| Defendant. | ) |

### JOINT MOTION TO AMEND CASE MANAGEMENT PLAN
### TO COMPLETE REMAINING DEPOSITIONS

The parties jointly file this motion to amend the Case Management Plan [Dkt. 32] to extend discovery cutoff date, currently set for June 30, 2021, solely to allow (1) Defendant to complete the deposition of Plaintiff's expert witness, Dr. Elberg, on July 14, 2021, (2) Plaintiff to complete the deposition of NBOME's 30(B)(6) representative, Joe Flamini, on July 15, 2021, and (3) Defendant to complete the deposition of Dr. Dumitrascu prior to July 14, 2021. In support of this motion, the undersigned states the following grounds:

1. The undersigned only recently became involved in this case after Attorney Syd Steele's unexpected death from COVID-19 on May 26, 2021.

2. Mr. Steele was NBOME's outside and only general counsel for more than 25 years, until NBOME hired its first in-house counsel in April 2018. Since then, Mr. Steele has continued as its regular outside counsel, which included serving as litigation counsel.

3.  Until April 15, 2021, only Mr. Steele had appeared in this matter on behalf of NBOME.

4.  On April 15, 2021, Mr. Steele requested an associate from the Kroger Gardis & Regas law firm ("KGR"), Jason Mizzell, to enter an appearance [Dkt. 43] so he could assist with document management and production in this case. Mr. Mizzell joined KGR in the spring of 2019 and at the time his experience was exclusively in bankruptcy matters and e-discovery.

5.  In late April, Mr. Steele, who had already received full vaccination shots against COVID-19, became inexplicably ill, but he continued to work both remotely and in the office.

6.  On May 5, 2021, Mr. Steele was in the office and not feeling well, so the undersigned drove him home, because circumstances suggested it would not have been wise for Mr. Steele to drive himself.

7.  Later that day, Mr. Steele received positive test results for COVID-19.

8.  As a result of the car ride home with Mr. Steele, the undersigned was required under prevailing CDC and Indiana State Department of Health guidelines to go into immediate 14-day isolation at home. Seven days into the isolation period, the undersigned developed initial symptoms suggesting a potential COVID-19 infection.

9.  Meanwhile, on May 8, 2021, Mr. Steele was hospitalized due to his worsening COVID-19 symptoms and conditions. However, during the week of May 10, 2021, Mr. Steele continued to communicate sporadically with Mr. Mizzell via

email concerning this action, although communications concerning Mr. Steele's condition and status were primarily being handled through Mr. Steele's family members and KGR partner David Wright.

10. Following the telephonic status conference with the Court on May 10, Mr. Mizzell communicated with Defendant's expert, Dr. Bernier, to begin finding available deposition dates. Mr. Mizzell provided those available dates to Plaintiff's counsel on May 13.

11. On Friday, May 14, 2021, we learned that Mr. Steele had been placed on a ventilator in the hospital. That same day, the undersigned received positive test results for COVID-19, as the severity of his own symptoms began to intensify, starting a new isolation period under prevailing guidelines.

12. Up until this point, because Mr. Steele was fully vaccinated, his colleagues reasonably believed that he would fully recover from COVID-19 with limited interruption of his work.

13. On Monday, May 17, 2021, Mr. Steele's family reported that medical staff would be weaning him off the ventilator, and he was expected to be in the hospital for about another week. As a precautionary measure, the undersigned entered an appearance in this case the same day [Dkt. 60].

14. That same week, Mr. Mizzell worked with Plaintiff's counsel to reschedule depositions that had previously been arranged for late May, but now conflicted with hearings that were set in the undersigned's other cases, and to accommodate the undersigned getting up to speed on this case. Due to summer vacation and travel

schedules, most of these depositions could not be rescheduled until mid- to late June.

15. On Saturday, May 22, 2021, the undersigned's isolation period ended, as symptoms began to improve.

16. The week of May 24, 2021, the undersigned was back in the office but unable to work full days over the next couple of weeks due to ongoing recovery from COVID-19, exacerbating a backlog of work on other matters. These other matters include:

    a. *Wilson, et al. v. Milestone Contractors, L.P., et al.,* 49D06-1805-CT-019230 (Marion Sup. Ct.) (undersigned is lead counsel);

    b. *Ingram Micro, Inc. v. Infinity Group Enterprises*, No: 1:21-cv-000982-TWP-TAB (S.D. Ind.); and

    c. *Ohio Casualty Insurance Company v. State of Indiana*, 19A-PL-02794 (Ind. Ct. App.) (undersigned is the only attorney representing appellant).

17. On May 24, 2021, the State of Indiana filed a Petition to Transfer to the Indiana Supreme Court in the above *Ohio Casualty* case, making the undersigned's response due on June 14, 2021. Under Ind. App. R. 57(D), no extensions of time for this filing are permitted.

18. After taking a turn for the worse, Mr. Steele died on May 26, 2021.

19. Beginning on Memorial Day and the rest of that week, the undersigned and Mr. Mizzell worked on deliverables due in this case on June 7, including final

witness and exhibit lists, Dr. Bernier's expert disclosures, and Dr. Mendelsohn's deposition to be taken on June 7.

20. On June 11, 2021, counsel for the parties held a telephone conference to discuss a pending privilege dispute and the remaining depositions. As of that date, the following depositions were already scheduled (or re-scheduled):

    a. June 16 – Ms. Lewis (plaintiff)

    b. June 25 (morning) – Dr. Magen

    c. June 28 (morning) – Dr. Magen (cont'd)

    d. June 29 – Dr. Bernier (defense expert)

21. The remaining unscheduled depositions were also discussed: Joe Flamini (NBOME's 30B6 representative), Dr. Elberg (plaintiff expert), and Dr. Dumitrascu (evaluating psychologist).

22. Given the tight schedule, the parties agreed to seek the Court's approval at the June 14 status conference to extend discovery cutoff to take these depositions in the first two weeks of July.

23. After receiving Plaintiff's Final Exhibit list on June 14 (extended from June 7 with the Court's approval), Defendant also identified Dr. Bradshaw as an additional deposition needed.[1]

---

[1] Dr. Bradshaw was also identified on Plaintiff's Preliminary Witness list filed March 25, 2021 (Doc. 34) and provided a Declaration annexed to Plaintiff's Motion for Preliminary Injunction filed April 16, 2021 (Doc. 45-7)

24. The parties are working diligently to schedule these depositions. Dr. Bradshaw's deposition is now scheduled for June 24.

25. Dr. Elberg is currently traveling in Israel and is not expected to return until mid-July. On June 17, Dr. Elberg provided the parties with her available dates for a remote deposition from Israel that can be held July 14.

26. On May 20, 2021, Plaintiff's counsel served Defendant's counsel with a Notice of 30(b)(6) Deposition scheduled for June 21, 2021, which included the topics for examination. On June 1, 2021, Defendant's counsel identified Joseph Flamini as the 30(b)(6) designee but advised that June 23, 2021 was the only date in June that Mr. Flamini was available for a deposition. Due to a potential conflict with another proceeding in this matter on that date, Plaintiff's counsel could not schedule the deposition for June 23.

27. Mr. Flamini is no longer available during the month of June. However, he is available on July 15, which is amenable to plaintiff's schedule.

28. Defendant is attempting to reach Dr. Dumitrascu for a deposition on June 30, subject to his availability. If he is unavailable then, the parties would like to try to schedule his deposition prior to July 14.

29. The parties request the discovery deadline be continued to and including July 15, 2021, for the limited purpose of completing the depositions of Mr. Flamini, Dr. Elberg, and Dr. Dumitrascu.

THEREFORE, the undersigned counsel respectfully requests that this Court enter an Order granting the Joint Motion for an Extension of Time.

Respectfully submitted,

/s/ Kevin D. Koons
Kevin D. Koons, Attorney No. 27915-49
Kroger Gardis & Regas, LLP
111 Monument Circle, Suite 900
Indianapolis, Indiana 46204-5125
Direct Tel. & Fax: (317) 777-7431
Reception:  (317) 692-9000
kkoons@kgrlaw.com

*Attorneys for Defendant NBOME*

## **CERTIFICATE OF SERVICE**

I hereby certify that on **June 21, 2021**, a copy of the foregoing was filed electronically. Service of this filing will be made on all ECF-registered counsel by operation of the court's electronic filing system.

> Charles Weiner, Esquire
> LAW OFFICE OF CHARLES WEINER
> Cambria Corporate Center
> 501 Cambria Avenue
> Bensalem, PA 19020
> charles@charlesweinerlaw.com
>
> Mary C. Vargas, Esquire
> STEIN & VARGAS LLP
> 10 G Street NE, Suite 600
> Washington, D.C. 20002
> Mary.Vargas@steinvargas.com
>
> Matthew W. Lorch
> LORCH LAW OFFICE, LLC
> 211 E. Market Street
> New Albany, IN 47150
> Matthew@lorchlaw.com

              /s/ Kevin D. Koons